NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE GUARDIANSHIP OF S.P.

No. 1 CA-JV 23-0158
FILED 3-26-2024

Appeal from the Superior Court in Yavapai County
No. V1300JD202080036
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Crystal R. ("Mother") appeals from an order appointing permanent guardians for her daughter. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Mother has one daughter, Shannon,[1] who was born in 2013. Mother also has a son, born in 2011, but her son and the children's fathers are not parties to this appeal.

**¶3**　　　　In 2014, the police were contacted following an alleged attempted suicide by Mother. So Mother agreed to have the children's great aunt and uncle serve as temporary guardians. Shannon has lived with her great aunt and uncle "[o]ff and on since her birth."

**¶4**　　　　In 2020, the Department of Child Safety ("Department") filed a dependency petition for Mother's two children alleging neglect. *See* A.R.S. § 8-201(15)(iii), (25). According to the petition, Mother had a "long history of abusing various substances," attempted suicide in front of the children, and engaged in domestic violence with her boyfriend in their presence. Mother pled no contest to the petition, and the juvenile court adjudicated the children dependent as to Mother. The court took the children into the State's care and placed them with their great aunt and uncle. Eventually, the court placed Mother's son with his father and dismissed the son's dependency petition.

**¶5**　　　　In March 2023, the Department moved to appoint Shannon's great aunt and uncle as her permanent guardians. Mother opposed the motion, and the juvenile court held an evidentiary hearing. The Department presented testimony from an expert psychologist and Mother's case manager, and it also submitted the Department's periodic reports and the results of Mother's drug tests. Mother testified on her behalf. But the

---

[1]　　　　We use a pseudonym to protect the child's identity.

Department objected to her proposed witnesses and exhibits for untimely disclosure, and the court sustained the objection.

¶6            At the close of the hearing, the court found the Department had made reasonable efforts to reunite Shannon with Mother, but that "further efforts would be unproductive . . . because at this point, we do not have any parent who is able to properly care for [Shannon]." The court found that "Mother . . . has not yet been able to remedy the circumstances that [led] to the dependency" and that reunification was not in Shannon's best interests. But the court found that termination of Mother's parental rights would also not be in Shannon's best interests, determining instead that "the best interests of [Shannon] would be served by granting a permanent guardianship." Finally, the court found that Shannon's "[prospective] permanent guardians are fit and proper persons to become [Shannon's] permanent guardians."

¶7            The court appointed Shannon's great aunt and uncle as her permanent guardians, awarding them legal and physical custody. The court dismissed the dependency. Still, it ordered the Department to investigate Shannon's welfare and best interests and file a report before the first annual review hearing. The court noted that the guardianship is "not necessarily a forever thing," agreeing with the Department that Mother "can continue . . . to work hard" and "if she does have some stability and addresses these issues . . . she could . . . eventually file a motion to get [Shannon] back into her care."

¶8            Mother appealed. This court has jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶9            Mother challenges the order establishing permanent guardians for Shannon. We will affirm a juvenile court's guardianship order unless no reasonable evidence supports its findings. *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 555 (App. 1997); *Navajo Nation v. Dep't of Child Safety*, 246 Ariz. 463, 466, ¶ 9 (App. 2019). We "will not reweigh the evidence but will look only to determine if there is evidence to sustain the court's ruling." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

¶10           Arizona Revised Statutes Section 8-871 provides the requirements for the juvenile court to establish permanent guardianship. The court may appoint a permanent guardian if it finds by clear and convincing evidence that: (1) the child is the subject of a dependency; (2) the

child has been in the prospective guardian's custody for at least nine months; (3) the Department has made reasonable reunification efforts and "further efforts would be unproductive"; and (4) termination of parental rights would not be in the child's best interests. *See* A.R.S. § 8-871(A)(1)–(4); *Jennifer B.*, 189 Ariz. at 555 (clear and convincing standard). The court must also find by a preponderance of the evidence that appointing a permanent guardian would be in the child's best interests. A.R.S. § 8-871(A); *see Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005) (preponderance standard for best interests inquiry).

¶11            Here, the court found that Shannon was the subject of a dependency, had been in placement for more than nine months, and that termination of Mother's rights was not in Shannon's best interests. Mother does not challenge these findings. Mother also does not argue that the Department failed to make reasonable reunification efforts, nor does she contend that the guardianship is not in Shannon's best interests.

¶12            Instead, Mother only challenges the court's finding that "further [reunification] efforts would be unproductive" by arguing that there is insufficient evidence of her present parental unfitness. Mother asserts that she has made "significant strides," pointing to her engagement in services, her mental health treatment, and her "generally negative" drug test results. She argues that the juvenile court erroneously overlooked this progress and instead "judged her parenting ability as of the date of [Shannon's] removal and not as of the adjudication hearing."

¶13            But Mother's argument conflicts with the record. The juvenile court explicitly considered Mother's efforts, finding that "Mother has engaged in reunification services, but has not yet been able to remedy the circumstances that [led] to the dependency" and that "at this point," Mother cannot care properly for Shannon.

¶14            Reasonable evidence supports these findings. Here, the circumstances leading to the dependency were that Mother had "a long history of abusing various substances including, primarily, alcohol," attempted suicide, and engaged in domestic violence. The Department's case plan listed several conditions for the return of the child, including "compliance with services," "consistently maintain[ing] a calm, stable, substance-free home environment," assessment of Mother's mental health by an outside professional, and maintaining a "safe and sanitary home environment." Mother emphasizes that she has engaged in services, participated in mental health treatment, and "ended her relationship with

her abusive boyfriend," arguing that she has shown sufficient change in her circumstances.

**¶15**     But the court also received evidence that Mother had not remedied her circumstances. Contrary to the Department's directive to maintain a "substance-free home," Mother tested positive for alcohol three times in 2022 and tested positive for THC. The psychologist's evaluation report, which the court admitted at trial, concluded that Mother "has engaged in dangerous . . . . [and] self-harming behaviors" and that her emotional instability is "likely to be significantly exacerbated if she is abusing alcohol or drugs." As a result, the psychologist's report conditioned Mother's ability to parent safely on her ability to "avoid[] abuse of drugs or alcohol." Finally, at trial, the case manager testified that Mother had "lashed out" at placement, and Mother admitted to an incident where she yelled at placement following a court mediation session, requiring intervention by court security.

**¶16**     The record shows evidence of both improvement and setbacks to Mother's progress. But we will not reweigh the juvenile court's assessment of that evidence on appeal. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002) ("The resolution of such conflicts in the evidence is uniquely the province of the juvenile court as the trier of fact; we do not re-weigh the evidence on review."). Because the juvenile court found the required elements to support a permanent guardianship under A.R.S. § 8-871 and reasonable evidence supports those findings, we find no error in its order.

**CONCLUSION**

**¶17**     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA